1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **DISTRICT OF NEVADA**

6

7 JOSHUA BURGER, )
 )
8                              Plaintiff,       )       Case No.  2:12-cr-01634-APG-CWH
 )
9 vs.                                          )       **ORDER**
 )
10 EXCEL CONTRACTORS, INC., *et al*.,          )
 )
11                              Defendants.    )
 )
12 _____ )

13        This matter is before the Court on Defendants' Motion to Strike Supplemental Expert

14 Report (#34), filed April 10, 2013; Plaintiff's Response (#38), filed April 26, 2013; and

15 Defendants' Reply (#39), filed May 6, 2013.

16                                      **BACKGROUND**

17        The complaint in this matter was originally filed in state court.  It was removed to this Court

18 on September 18, 2013 pursuant to 28 U.S.C § 1332.  Plaintiff alleges he is entitled to damages for

19 injuries sustained as the result of an automobile collision.  Shortly after removal, the Court adopted

20 the parties proposed discovery plan and scheduling order.  (#10).  As a result of various extensions,

21 the expert disclosure deadline expired February 19, 2013, and the rebuttal expert disclosure

22 deadline expired April 22, 2013.  The parties do not dispute that Plaintiff's initial expert report was

23 timely.  The dispute centers around supplemental reports provided by Plaintiff's expert on March

24 19, 2013 and April 12, 2013.

25        Defendants' request an order striking the March 19, 2013 supplemental expert report

26 (attached as exhibit B to Defs' motion (#34)) of Plaintiff's expert Dr. Hugh S. Selznick because it

27 is improper under Federal Rule of Civil Procedure 26(e)(2).  Defendants contend the supplemental

28 report does not serve the narrow purpose of Rule 26(e) as it does not correct inaccuracies or add

information not otherwise available at the time of the initial report.  Defendants argue that all of the

1   supplemental information was available prior to the initial expert report and should have been

2   disclosed to and reviewed by the expert as part of the initial report.  The additional information

3   cited in the supplement consists of three magnetic resonance images (MRI), two of Plaintiff's spine

4   and one of Plaintiff's brain.  Two of the MRIs were taken on November 10, 2010 and the other on

5   January 13, 2011.  The supplement also includes analysis related to a computed tomography (CT)

6   scan of Plaintiff's spine dated March 16, 2012, and Plaintiff's deposition testimony from December

7   10, 2012.  Citing the expert's own statement in the supplement that his review of the information

8   reinforced rather than changed his decision, Defendants conclude that the supplement serves no

9   purpose other than to bolster the expert's opinion.

10      In response, Plaintiff argues the motion to strike should be denied because the supplement

11   corresponds to the initial report, offers no new opinions, was offered in good faith, and does not

12   prejudice Defendants.  Plaintiff notes that the expert did, in fact, reference the MRIs and CT scan

13   identified in the supplement in his initial report and "reviewed the report findings . . . and

14   considered the same in reaching his conclusions."  The supplement, according to Plaintiff, captures

15   the expert's personal review of the MRIs and CT scan themselves and is nothing more than a "brief

16   commentary on additional data that refers back to existing opinions and data" contained in the

17   initial report.  Even assuming the supplement was improper, Plaintiff contends the disclosure was

18   harmless because it was made in good faith, was provided prior the rebuttal expert deadline, prior

19   to the close of discovery, and prior to any expert depositions.

20      In reply, Defendants reiterate their arguments in regard to the first supplement and take

21   issue with a second supplemental report dated April 12, 2013.  The second supplement includes

22   analysis of: (1) the November 2, 2010 Henderson Police Department's Traffic Accident Report, (2)

23   the December 6, 2012 follow-up evaluation performed by one of Plaintiff's treating physician, and

24   (3) the expert's disagreement with certain conclusions reached by the neurosurgeon who performed

25   the Rule 35 examination.  Defendants argue that both supplements are inappropriate because the

26   supplemental information was "readily available prior to the initial disclosure deadline" and the

27   supplements are designed only to reinforce prior opinions and state new ones.  Defendants

28   conclude by asserting that Plaintiff has not met his burden to demonstrate that the failure to comply

1    with Rule 26(a) is substantially justified or harmless and, as such, should be stricken.

2                                                  **DISCUSSION**

3            Citing *Akeva LLC v. Mizuno Corp.*, 306, 309 (M.D.N.C. 2002), Defendants take the

4    position that the Court should look to Fed. R. Civ. P. 16(f) to determine what sanctions, if any,

5    should be imposed for the alleged failure to comply with Rule 26(e).  The Court disagrees.  In

6    *Akeva*, each party had submitted an expert report in compliance with the court's schedule.  After

7    discovering that the defendant's expert testimony was both different from and detrimental to their

8    cause, the plaintiff identified a second expert whose conclusions would serve as supplemental

9    rebuttal testimony.  *Id*.  The *Akeva* court rejected the attempt and concluded that "the discovery

10   plan did not permit a third tier of expert disclosures . . . [W]hen there is a discovery plan covering

11   expert disclosures, the plan controls and not the explicit provisions of Rule 26(a)(2)(C)."  *Id*. at

12   310.  Unlike *Akeva*, the instant case does not involve an additional or new rebuttal expert, but deals

13   with an expert's attempted supplementation of his own conclusion.  The duty to supplement expert

14   reports is governed by Rule 26(e)(2) and any sanctions from the failure to comply therewith stem

15   from Rule 37(c), not Rule 16(f).

16           Parties must make expert disclosures at the times and in the sequence that the court orders.

17   *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011) (citation omitted).

18   The parties do not dispute that the expert's initial report was timely.  Even so, the disclosing party

19   remains under the obligation to supplement the report if necessary.  Rule 26(e) requires that "[a]

20   party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . .

21   in a timely manner if the party learns that in some material respect the disclosure is incomplete or

22   incorrect of if the additional or corrective information has not otherwise been made known to the

23   other parties during the discovery process or in writing.  *See* Fed. R. Civ. P. 26(e)(1)(A).  The duty

24   to supplement an expert report "extends both to information included in the report and to

25   information given during the expert's deposition."  *See* Fed. R. Civ. P. 26(e)(2).

26           "[R]ule 26(e) creates a duty to supplement, not a right."  *See Luke v. Family Care and*

27   *Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009).  Supplementation under Rule

28   26(e) does not create a loophole for a party to revise an initial report to its advantage.  *Id*.  "Rather,

1    'supplementation under the Rules means correcting inaccuracies, or filling the interstices of an

2    incomplete report based on information that was not available at the time of the initial disclosure."

3    *Id.* (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)).  The time for

4    supplementation is not limited to the discovery period.  *Dayton Valley Investors v. Union Pacific R.*

5    *Co.*, 2010 WL 3829219 (D. Nev.) (citation omitted); *see also* Advisory Comm. Notes to 1993

6    Amendments ("Supplementations need not be made as each new item of information is learned but

7    should be made at appropriate intervals during the discovery period, and with special promptness as

8    the trial date approaches.").  In the context of supplementing an expert report, "[a]ny additions or

9    changes . . . must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are

10   due."  *See* Fed. R. Civ. P. 26(e)(2).

11        In determining whether a supplement under Rule 26(e) is appropriate, the court considers

12   (1) whether the supplemental information correspond to a prior Rule 26(a) disclosure and, if so, (2)

13   whether the supplemental information available at the time set for the initial disclosure.  *Carrillo v.*

14   *B & J Andrews Enterprises, LLC*, 2013 WL 420401 (D. Nev.) (citation omitted).  The two

15   supplements under consideration specifically identify the "new" information considered by the

16   expert.  In the first supplement, attached as exhibit B to Defs' motion (#34), Plaintiff's expert

17   identifies five pieces of "new" information that he considered: three MRIs, one CT scan, and

18   Plaintiff's deposition testimony.  The second supplement, attached as exhibit A to Defendants'

19   reply (#39), identifies three additional pieces of "new" information: the Traffic Accident Report, a

20   follow-up evaluation by a treating physician, and the Rule 35 examiner's report.

21        The Court has little difficulty concluding that the allegedly "new" information included in

22   the two supplements corresponds to a prior Rule 26(a) disclosure.  The initial expert report, timely

23   disclosed on February 19, 2013, very clearly references each of the diagnostic studies included in

24   the supplements.  The expert also indicated that, though he did not have the opportunity to review

25   the Traffic Accident Report, he would welcome that chance.  However, all of the allegedly "new"

26   information was available well before disclosure of the initial report.  Consequently, the

27   information included in the first supplement, though provided to the expert for the first time, was

28   not "new" information.  The three MRIs, CT scan, and the Traffic Accident Report existed prior to

4

1    the lawsuit even being filed.  Additionally, both Plaintiff's deposition and the follow up

2    examination referenced in the second supplement occurred over sixty (60) days prior to the expert

3    disclosure deadline.  Because the supplemental information was available well before the Rule

4    26(a) disclosure deadline, the undersigned concludes that the supplements were improper under

5    Rule 26(e).

6         That, however, does not end the inquiry.  As this Court noted in *Carrillo*, "[a] party that has

7    failed to provide information required by Rule 26(a) or 26(e) 'is not allowed to use that information

8    or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

9    substantially justified or harmless.'" *See Carrillo*, 2013 WL 420401 *3; *see also* Fed. R. Civ. P.

10   37(c)(1).  Rule 37(c) "gives teeth" to the requirements of Rule 26(e) and courts are given a

11   particularly wide latitude to issue sanctions under Rule 37(c)(1).  *Yeti by Molly, Ltd. v. Deckers*

12   *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding district court did not abuse its

13   discretion in excluding testimony of defendant's only damages expert as a sanction).  Generally, the

14   exclusion penalty is "self-executing" and "automatic." *Hoffman v. Constr. Protective Servs., Inc.*,

15   541 F.3d 1175, 1180 (9th Cir. 2008) (noting Rule 37(c)(1)'s exclusion sanction provides a strong

16   inducement for disclosure of material and affirming district court's preclusion of undisclosed

17   damages evidence).

18        The party facing sanctions has the burden of showing that any failure to disclose is

19   substantially justified or harmless.  *See Yeti*, 259 F.3d at 1107; *see also Hicks v. Dairyland Ins. Co.*,

20   2009 WL 2243794 (D. Nev.) ("A literal reading of [Rule 37(c)(1)] compels the conclusion that an

21   expert's trial testimony should be automatically excluded if a party fails to strictly comply with the

22   requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for

23   the failure to make complete disclosure, or that the failure to disclose is harmless.").  The factors

24   that guide a court in determining whether a violation is substantially justified or harmless are: (1)

25   prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party

26   to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or wilfulness

27   involved in not timely disclosing the evidence.  *Manneh v. Inverness Medical Innovations, Inc.*,

28   2010 WL 3212129 at *2 (S.D. Cal. 2010) (finding failure to disclose certain documents and witness

1  not harmless where opposing party was unable to prepare its defense in time for trial).  The

2  exclusion of an expert's testimony for failure to comply with the disclosure requirements is an

3  available sanction even in the absence of a showing of bad faith or wilfulness.  *Yeti*, 259 F.3d at

4  1106.

5       Having determined there was a violation of Rule 26(e), the Court turns to the question of

6  sanctions, if any, under Rule 37(c).  The Court has reviewed the factors and finds that the Rule

7  26(e) failures are harmless.  The failure did not result in prejudice or surprise to Defendants.

8  Defendants were aware of the diagnostic studies prior to the initial report and supplements.  The

9  supplements were filed well before the rebuttal expert disclosure deadline of April 22, 2013,

10  meaning the rebuttal expert had ample time to review and rebut the supplements.  Additionally, the

11  supplements were provided well before the close of discovery and expert depositions.  Given the

12  timing of the supplements in relation to the rebuttal expert deadline and expert depositions, any

13  surprise or prejudice is easily cured and there is little in the way of risk of surprise or prejudice to

14  Defendants.  Discovery only recently closed, and was never delayed or extended as a result of this

15  particular motion.  Lastly, there is no indication of bad faith or willfulness in failing to comply with

16  Rule 26(e).  To the contrary, the expert specifically referenced all of the supplemental information

17  in his initial report and appears to have made a concerted effort to timely disclose how the

18  information affected his opinion, which, based on the undersigned's review of the supplements, is

19  very little.

20       Based on the foregoing and good cause appearing therefore,

21       **IT IS HEREBY ORDERED** that  Defendants' Motion to Strike Supplemental Expert

22  Report (#34) is **denied**.

23       DATED: October 25, 2013.

24

25

26  _____
     **C.W. Hoffman, Jr.**
     **United States Magistrate Judge**

27

28